Eldon E. MILLS, Jr., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 27251

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Nov. 6, 1969.

Eldon E. Mills, Jr., pro se.

Macon L. Weaver, U. S. Atty., R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion to vacate[1] the conviction and sentence of Eldon E. Mills, Jr., for a violation of the Dyer Act, 18 U.S.C. § 2312.[2] We affirm.

1. 28 U.S.C. § 2255.

2. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have

The appellant contends that (1) the sentencing court failed to comply with Rule 11, F.R.Crim.P.; (2) he was mentally incompetent at the time of trial; and (3) he was not effectively represented by his court-appointed counsel.

The district court conducted an evidentiary hearing on the merits of the § 2255 motion, at which the appellant was present. His former counsel testified, and so did the chief psychiatrist of the Veterans Administration Hospital in Birmingham, Alabama.

The doctor testified that in his opinion, based on the study and psychiatric report made by the Bureau of Prisons pursuant to the Section 4208(b) sentence originally imposed, and other reports, the appellant was mentally competent at the time of his arraignment and sentencing. The appellant's former court-appointed counsel testified that he fully advised the appellant of his rights and that the appellant freely and voluntarily decided to plead guilty.

At the evidentiary hearing the appellant's chief complaint was that the Parole Board has not yet released him on parole; and he said nothing which invalidated the government's evidence.

In the order denying § 2255 relief, the district court held that the allegation of failure to comply with Rule 11 was refuted by the transcript of the arraignment proceedings, and that there was no merit to the appellant's other contentions. We agree.

Since the judgment of the district court is correct, it is hereby affirmed.

Affirmed.

directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.